# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| ELLA CHOY, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11-cv-01780-GMN-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| WYNN RESORTS LAS VEGAS, ) | (Reqst to Seal Case - Dkt. #11) |
| ) | |
| Defendants. ) | |

Before the court is Plaintiff's Request to Seal her Case (Dkt. #11). Plaintiff states she is having difficulty finding a job, cannot pass the background or security check and surmises this may be because she is suing her former employer, and prospective employers may be learning that she filed this case. She therefore asks to seal her case to prevent public access to it.

The United States Supreme Court has recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). The Ninth Circuit has held that the public has a prejudgment right of access to judicial records in civil cases based on federal common law, and the Federal Rules of Civil Procedure. *San Jose Mercury News, Inc., v. United States District Court*, 187 F.3d 1096, 1102 (1999). The Ninth Circuit recognizes a strong presumption in favor of access. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (*citing Valley Broadcasting Co. v. United States District Court*, 798 F.2d 1289 (9th Cir. 1986)). The strong presumption of public access may be overcome only "on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Valley Broadcasting* at 1293.

Plaintiff's conjecture that she is having difficulty getting a job because the public has access to this case is insufficient to overcome the presumption of access to judicial records.

1   For this reason,

2   **IT IS ORDERED** Plaintiff's request to seal her case (Dkt. #11) is **DENIED**.

3   Dated this 27th day of August, 2012.

4

5   _____
    Peggy A. Leen
6   United States Magistrate Judge